IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| KAYE LOWE,<br><br>          Plaintiff,<br><br>v.<br><br>ASSURANCE INSURANCE COMPANY,<br><br>          Defendant. | **NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, 42 U.S.C. § 4072, and 44 C.F.R. Pt. 61, App. A(1), American Bankers Insurance Company of Florida—incorrectly identified by Plaintiff Kaye Lowe as "Assurance Insurance Company" in this action—files this Notice of Removal of the captioned action from the North Carolina General Court of Justice, Superior Court Division, Buncombe County, where the action is now pending, to the United States District Court for the Western District of North Carolina, Asheville Division, and shows the Court the following:

### BACKGROUND

1. This action arises out of a claim made by Plaintiff Kaye Lowe under a Standard Flood Insurance Policy (the "Policy") issued by American Bankers Insurance Company of Florida ("American Bankers") pursuant to the National Flood Insurance Act of 1968 and in connection with American Bankers' participation in the National Flood Insurance Program as a Write-Your-Own carrier.

2. Lowe made a claim under the Policy based on flood damage to her property in Buncombe County, North Carolina, that occurred in September 2024. (Complaint ¶¶ 1, 5-11.) (A copy of the Complaint is attached as an exhibit to this Notice of Removal.)

3. Unhappy with the payment that she received for her claim, Lowe commenced this action in Buncombe County Superior Court when she filed a Complaint and the Clerk of Buncombe County Superior Court issued a Summons. (Complaint ¶¶ 7-10.) (A copy of the Summons is attached as an exhibit to this Notice of Removal.)

4. Lowe has attempted to allege claims against the company that issued the Policy for allegedly breaching the Policy and engaging in bad faith. (Complaint ¶¶ 12-24.)

5. As noted above, the company that issued the Policy in this case is American Bankers, but Lowe has incorrectly identified American Bankers in her Complaint as "Assurance Insurance Company," which is not a legal entity. (Lowe's confusion may be attributable to the fact "Assurant Inc." is American Bankers' parent company.)[1]

### JURISDICTION

6. This Court has original subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1332.

**I.    28 U.S.C. § 1331**

7. The Court has original subject-matter jurisdiction over this action under 28 U.S.C. § 1331, because the action "aris[es] under the . . . laws . . . of the United States." 28 U.S.C. § 1331.

8. Flood insurance in the United States is provided through the National Flood Insurance Program, a federal program administered by FEMA. *See Woodson v. Allstate Ins. Co.*, 855 F.3d 628, 631 (4th Cir. 2017).

---

[1] On November 3, 2025, the undersigned counsel notified Lowe's counsel that Lowe had sued a non-existent entity and that American Bankers was the company that issued the insurance policy in this case. Lowe's counsel responded that he would follow-up the next day. When he failed to do so, the undersigned counsel contacted him again on November 6, 11, and 17, providing Lowe's counsel with a copy of the Policy's declarations page and correspondence from American Bankers to Lowe about her claim. To date, however, Lowe's counsel has taken no action to fix the error in the Complaint.

9. In order to better administer the National Flood Insurance Program, FEMA authorizes private insurance companies—called Write-Your-Own ("WYO") Carriers—to offer flood insurance policies to the public under their own logos. Although these policies are issued by private companies, the Standard Flood Insurance Policy itself is written by FEMA and is codified at 44 C.F.R. Pt. 61; *see Woodson,* 855 F.3d at 631 ("[T]he terms and conditions of a National Flood Insurance Policy are specified by [federal] regulation.").

10. Such policies contain, among other things, a provision advising insureds that if they "sue . . . to recover money under this policy . . . . [they] must file the suit in the United States District Court of the district in which the covered property was located at the time of loss." 42 C.F.R. pt. 61, Appendix A(1), § VII.O.

11. Congress underwrites all operations of the National Flood Insurance Program through the U.S. Treasury, including appropriations for both the adjustment of flood claims and the payment of those claims. *See Van Holt v. Liberty Mut. Fire Ins. Co.,* 163 F.3d 161, 165 (3d Cir. 1998). All flood-claim payments made by a WYO Program carrier under a Standard Flood Insurance Policy are made out of a segregated account containing U.S. Treasury funds; flood-claim payments are not made with WYO Program carrier's funds. *See id.* Thus, when an insured sues a WYO Program carrier under a Standard Flood Insurance Policy, the insured is seeking a direct charge on the public treasury that would be binding upon the federal government. Such a suit is essentially a suit against FEMA. *See id.* at 166-67; 44 C.F.R. § 62.23(f).

12. Accordingly, as the U.S. Court of Appeals for the Fourth Circuit has held, "National Flood Insurance Policies, claims under those Policies, and disputes relating to the handling of claims under those Policies are highly regulated and subject exclusively to federal law." *Woodson,*

855 F.3d at 632.[2] The statutory scheme approved by Congress for flood insurance claims confers original exclusion jurisdiction upon the federal courts, without regard to the amount in controversy, over cases arising out of a disputed flood-insurance claim under the National Flood Insurance Program. *See* 42 U.S.C. § 4072; *Van Holt*, 163 F.3d at 166-67.

13. American Bankers participates in, and issues Standard Flood Insurance Policies under, the National Flood Insurance Program's WYO Program.

14. Acting in its role as a WYO carrier, American Bankers issued a Standard Flood Insurance Policy, bearing a policy number ending in -8913 to Lowe for the property located at 3 Pin Oak Lane, Swannanoa, North Carolina.

15. Because Lowe alleges a breach of the Standard Flood Insurance Policy issued by American Bankers, Lowe's right to relief involves the interpretation of federal statutes and regulations under the National Flood Insurance Program and, therefore, necessarily depends on the resolution of substantial questions of federal law. As a result, this Court has jurisdiction over this litigation pursuant to 28 U.S.C. § 1331 and this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

## II. **28 U.S.C. § 1332**

16. This Court also has original subject-matter jurisdiction over this action under 28 U.S.C. § 1332, because the real parties in interest in this action are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, American

---

[2] Additionally, the National Flood Insurance Program, the Standard Flood Insurance Policy, and the WYO Program carriers, including American Bankers, participating in the program are all governed by federal law, not state law. *See* 44 C.F.R. Pt. 62, App. A, Art. I ("Whereas, any litigation resulting from, related to, or arising from the Company's compliance with the written standards, procedures, and guidance issued by FEMA or FIA arises under the Act, regulations, or FIA guidance, and legal issues thereunder raise a federal question . . . .").

Bankers may remove this action to this Court pursuant to 28 U.S.C. § 1441(a).

### A. Diversity of Citizenship

17. Upon information and belief, Lowe is a citizen of, resides in, and is domiciled in North Carolina. (Complaint ¶ 6.) Consequently, she is considered a citizen of the State of North Carolina for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

18. American Bankers is an insurance company organized and existing under the laws of the State of Florida and its principal place of business is located in Florida. Consequently, American Bankers is considered a citizen of the State of Florida for purposes of diversity jurisdiction under 28 U.S.C. § 1332. *See* 28 U.S.C. § 1332(c)(1).

### B. Amount in Controversy

19. The first count of Lowe's Complaint seeks to recover damages in the amount of $237,578.25 (Complaint ¶ 18), and the second count of the Complaint seeks to recover damages in the amount of $500,000 (Complaint ¶ 24). *See also* Complaint, Prayer for Relief.

20. American Bankers denies that Lowe is entitled to any damages in this action, and specifically denies that Lowe is entitled to any damages pursuant to the second count of her Complaint on the grounds that state-law causes of action, including causes of action for bad faith, are preempted by the statutory framework of the National Flood Insurance Program. *See Woodson*, 855 F.3d at 637 (collecting federal appellate cases holding that, "state-law claims against write-your-own insurance providers are preempted by federal law"). Nevertheless, the face of the Complaint demonstrates that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1446(c)(2).

## TIMELINESS OF REMOVAL

21. The United States Code provides in part that, "a notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).

22. American Bankers received copies of the Summons and Complaint on October 22, 2025. Accordingly, removal of this action is timely.

## OTHER MATTERS

23. This case is properly removed to this Court, because the North Carolina General Court of Justice, Superior Court Division, Buncombe County, is located within the Asheville Division of the United States District Court for the Western District of North Carolina.

24. As indicated by the attached Certificate of Service, a copy of this Notice is being served on Plaintiff's counsel. A copy of this Notice also will be filed with the Clerk of Buncombe County Superior Court.

25. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders provided to American Bankers are attached to this Notice as exhibits.

WHEREFORE, American Bankers Insurance Company of Florida respectfully requests that this Court remove this action from the North Carolina General Court of Justice, Superior Court Division, Buncombe County, where the action is currently pending, to the United States District Court for the Western District of North Carolina, Asheville Division.

This, the 21st day of November 2025.

                              **BAKER, DONELSON, BEARMAN,**
                              **CALDWELL & BERKOWITZ, P.C.**

                              By: /s/Thomas G. Hooper
                                  Thomas G. Hooper
                                  N.C. State Bar No. 25571
                                  thooper@bakerdonelson.com
                                  101 South Tryon Street, Suite 3600
                                  Charlotte, NC 28280
                                  Phone: (980) 256-6300

                                  *Attorneys for American Bankers Insurance Company of Florida*

## CERTIFICATE OF SERVICE

I hereby certify that on November, 21, 2025, a copy of the foregoing document was duly served when it was deposited into the U.S. Mail, first-class postage prepaid, addressed as follows:

>Dennis Breen, Esq.
>Taylor Law Group PLLC
>P.O. Box 65
>Albemarle, NC  28002

This, the 21st day of November, 2025.

>**BAKER, DONELSON, BEARMAN,**
>**CALDWELL & BERKOWITZ, P.C.**
>
>By: /s/Thomas G. Hooper
>    Thomas G. Hooper
>    N.C. State Bar No. 25571
>    101 South Tryon Street, Suite 3600
>    Charlotte, NC 28280
>    Phone: (980) 256-6300
>    thooper@bakerdonelson.com
>
>    *Attorneys for American Bankers Insurance Company of Florida*